ALAN G. LANCE
ATTORNEY GENERAL

DAVID G. HIGH, ISB #
Chief, Civil Litigation Division

MICHAEL S. GILMORE, ISB #1625
Deputy Attorneys General
Statehouse, Room 210
Boise, ID 83720-0010
Telephone: (208) 334-4130

Patrick J. Kole, ISB #2010
Special Deputy Attorney General
Post Office Box 83701
q:\potato\g&tidaho\p1037mgb.doc

Attorneys for the Idaho Potato Commission

U.S. COURTS
01 FEB 13 AM 3:54

**ORIGINAL**

## UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| THE STATE OF IDAHO POTATO COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>G & T TERMINAL PACKAGING, INC.,<br><br>Defendants. | Case No. CIV98-0088-S-EJL<br><br>**PLAINTIFF'S MOTION TO REOPEN THE PROCEEDINGS FOR GOOD CAUSE SHOWN** |

Plaintiff the Idaho Potato Commission (IPC) hereby moves the Court to re-open this case and states the following good cause for doing so:

1.  On December 17, 1998, the Clerk of the Court issued a notice stating that this case "will be dismissed without prejudice by this Court pursuant to Local Rule 41.1 on December 28, 1998 for Lack of Service or Lack of Prosecution unless good cause can be shown prior to that date why the case should not be dismissed."

PLAINTIFF'S MOTION TO REOPEN THE PROCEEDINGS FOR GOOD CAUSE SHOWN - 1

2. In response, on December 24, 1998, Plaintiff filed an affidavit of counsel and a response explaining that Plaintiff has been enjoined from prosecuting this case by the Federal District Court of the Southern District of New York pending that Court's decision in related cases. Plaintiff stated its intention revive this case after the New York court's injunction was dissolved. The New York Federal District Court's Order Preliminarily Enjoining Prosecution of Action in Idaho Federal Court was attached to the affidavit of counsel.

3. On February 8, 1999, this Court issued an Order that "the clerk administratively terminate [this matter] without prejudice to the right of the parties to reopen the proceedings for good cause shown . . . or for any other purpose required to obtain a final determination of the litigation."

4. Since then, the Federal District Court for the Southern District of New York has determined that the Eleventh Amendment prohibited that Court's exercise of jurisdiction over the Idaho Potato Commission as a defendant and dismissed G&T's suit against IPC for lack of jurisdiction, which necessarily dissolved the injunction in the New York case against the Idaho Potato Commission prosecuting this case. That decision is reported at *Idaho Potato Commission v. M&M Produce Farms & Sales*, 95 F.Supp.2d 150 (2000). (G&T does not appear in this citation because the New York District Court's opinion was filed in four cases that had been consolidated for discovery and other pre-trial proceedings.)

5. G&T and its co-plaintiff Hapco appealed the New York District Court's decision to the Second Circuit Court of Appeals. Hapco's appeal was briefed and argued before G&T's. On February 2, 2001, the Second Circuit issued a Per Curiam, unpublished opinion in Docket Number 00-7675, which affirmed the District Court's dismissal of Hapco's complaint against the Idaho Potato Commission on grounds of Eleventh Amendment immunity. A copy of that opinion is Attachment 1.

6. In the meantime, G&T had signed a stipulation that its appeal would be withdrawn from active consideration and that "in the event that in the Hapco appeal, the Court does not reverse the district court's opinion that the Idaho Potato Commission is entitled to Eleventh Amendment immunity, G&T shall not have the right to reinstate the appeal and it shall be deemed withdrawn with prejudice." A copy of this stipulation is Attachment 2.

7. The case before the Federal District Court of New York that lead to stay of this case has been dismissed. The dismissal of G&T's co-plaintiff Hapco has now been affirmed by the Court of Appeals for the Second Circuit; according to G&T's stipulation, its appeal was effectively decided in favor of IPC by the Hapco decision. The termination of the case in the Federal District Court of New York and the Second Circuit's affirmance of that District Court decision constitute good cause to reopen this case.

DATED this 13th day of February, 2001.

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL

By /s/ Michael S. Gilmore
MICHAEL S. GILMORE
Deputy Attorney General

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of February, 2001, I caused to be served a true and correct copy of the foregoing by the following method to:

Anthony Spinale, President
G&T Terminal Packaging, Co., Inc.
NYC Terminal Market, Row B Units
 266-267
Bronx, NY  10474

☒ U.S. Mail
☐ Hand Delivery
☐ Certified Mail, Return Receipt Requested
☐ Overnight Mail
☐ Facsimile:  (208) 336-2121
☐ Statehouse Mail

*Michael S. Gilmore*
Michael S. Gilmore
Deputy Attorney General

# Attachment 1

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

- - - - - -

August Term, 2000

(Argued: December 4, 2000                    Decided: FEB 2 2001 )

Docket No. 00-7675

HAPCO FARMS, INC.,

　　　　　　　　　Plaintiff-Appellant,

- v. -

IDAHO POTATO COMMISSION,

　　　　　　　　　Defendant-Appellee.

Before: KEARSE, WINTER, and McLAUGHLIN, Circuit Judges.

Appeal from a judgment of the United States District Court for the Southern District of New York, Charles L. Brieant, Judge, dismissing complaint on ground of Eleventh Amendment immunity. See 95 F.Supp.2d 150 (2000).

Affirmed.

　　　　　　　　　J. JOSEPH BAINTON, New York, New York
　　　　　　　　　　(John G. McCarthy, Bainton
　　　　　　　　　　McCarthy & Siegel, New York, New
　　　　　　　　　　York, on the brief), for
　　　　　　　　　　Plaintiff-Appellant.

　　　　　　　　　MICHAEL GILMORE, Deputy Attorney
　　　　　　　　　　General for the State of Idaho,
　　　　　　　　　　Boise, Idaho, DAVID ZASLOWSKY,
　　　　　　　　　　New York, New York (Robert P.
　　　　　　　　　　Lewis, Baker & McKenzie, New
　　　　　　　　　　York, New York, on the brief),
　　　　　　　　　　for Defendant-Appellee.

1  Per Curiam:

2        Plaintiff Hapco Farms, Inc. ("Hapco"), appeals from a
3  judgment entered in the United States District Court for the
4  Southern District of New York, Charles L. Brieant, Judge,
5  dismissing its complaint against defendant Idaho Potato Commission
6  ("IPC") seeking a declaration pursuant to 15 U.S.C. § 1064 that
7  certain federally registered certification marks and trademarks
8  owned by IPC should be canceled, as well as damages based on IPC's
9  alleged use of those marks to violate federal antitrust laws. The
10 district court dismissed the complaint on the ground that IPC is
11 an agency of the State of Idaho, funded by the State, and is thus
12 entitled to immunity under the Eleventh Amendment to the
13 Constitution. We reject Hapco's challenge to that ruling. Most
14 of the factors set out in Mancuso v. New York State Thruway
15 Authority, 86 F.3d 289 (2d Cir.), cert. denied, 519 U.S. 992
16 (1996), in particular the first, second, fourth, and sixth, weigh
17 in favor of the conclusion that IPC is a state agency.
18 Accordingly, we affirm substantially for the reasons stated in
19 Judge Brieant's opinion, reported at 95 F.Supp.2d 150 (2000)

20        We have considered all of Hapco's contentions on this
21 appeal and have found in them no basis for reversal. The judgment
22 of the district court is affirmed.

Attachment 2

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

---

G&T TERMINAL PACKAGING CO., INC.,
Intervenor-Plaintiff-Appellant

V.

Docket No. 00-9452

IDAHO POTATO COMMISSION
Defendant-Appellee

---

## STIPULATION WITHDRAWING APPEAL FROM ACTIVE CONSIDERATION

The undersigned counsel for the parties hereby stipulate that the above-entitled appeal is hereby withdrawn from active consideration from the Court, such withdrawal to be without prejudice to a reinstatement of the appeal by appellant's counsel so notifying the Clerk of the Court in writing within 30 days after the Court's decision in Hapco Farms Inc. v. Idaho Potato Commission, Docket No. 00-7675 (the "Hapco Appeal:"). Withdrawal of the appeal from active consideration shall not operate as a dismissal of the appeal under FRAP 42(b).

Notwithstanding the above, in the event that in the Hapco appeal, the Court does not reverse the district court's opinion that the Idaho Potato Commission is entitled to Eleventh Amendment immunity, G&T shall not have the right to reinstate the appeal and it shall be deemed withdrawn with prejudice.

Notwithstanding the above, in the event that there has been no decision in the Hapco Appeal by March 25, 2001, this appeal shall be withdrawn without costs and such withdrawal shall not foreclose either party from raising, in appeals from a final judgment which is subsequently entered herein, any issues or interlocutory orders subsumed in such final judgment under the final judgment rule.

Faxed signatures on a faxed copy of this stipulation shall be deemed to be originals for all purposes.

_____
Linda Strumpf, Esq.
Attorney for Appellant

_____
David Zaslowsky, Esq.
Baker & McKenzie
Attorney for Appellee

Dated: February 1, 2001

SO ORDERED:

FOR THE COURT:
Roseann B. MacKechnie, Clerk
By: _____
Stanley A. Bass, Staff Counsel
January   , 2001

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

G&T TERMINAL PACKAGING CO., INC.,
Intervenor-Plaintiff-Appellant

V.

Docket No. 00-7714

IDAHO POTATO COMMISSION
Defendant-Appellee

## STIPULATION WITHDRAWING APPEAL FROM ACTIVE CONSIDERATION

The undersigned counsel for the parties hereby stipulate that the above-entitled appeal is hereby withdrawn from active consideration from the Court, such withdrawal to be without prejudice to a reinstatement of the appeal by appellant's counsel so notifying the Clerk of the Court in writing within 30 days after the Court's decision in Hapco Farms Inc. v. Idaho Potato Commission, Docket No. 00-7675 (the "Hapco Appeal:"). Withdrawal of the appeal from active consideration shall not operate as a dismissal of the appeal under FRAP 42(b).

Notwithstanding the above, in the event that the Court in the Hapco appeal, does not reverse the district court's opinion that the Idaho Potato Commission is entitled to Eleventh Amendment immunity, G&T shall not have the right to reinstate the appeal and it shall be deemed withdrawn with prejudice.

Faxed signatures on a faxed copy of this stipulation shall be deemed to be originals for all purposes.

_____
Linda Strumpf, Esq.
Attorney for Appellant

_____
David Zaslowsky, Esq.
Baker & McKenzie
Attorney for Appellee

Dated: February 1, 2001

SO ORDERED:

FOR THE COURT:
Roseann B. MacKechnie, Clerk
By:

_____
Stanley A. Bass, Staff Counsel
January ___, 2001